# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TERRASMART, INC. f/k/a RBI SOLAR, INC., | : : : | Case No.: _____ |
| Plaintiff, | : : | Judge _____ |
| v. | : : : | (formerly Case No. A 2401119 in the Court of Common Pleas of Hamilton County, Ohio) |
| ARCH INSURANCE COMPANY, | : : | |
| Defendant. | : | |

**DEFENDANT ARCH INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Arch Insurance Company hereby gives notice of removal of this action, captioned *Terrasmart, Inc. f/k/a RBI Solar, Inc. v. Arch Insurance Company*, being civil action Case No. A 2202991 in the Court of Common Pleas of Hamilton County, Ohio, from said court to the United States District Court for the Southern District of Ohio, Western Division. Pursuant to 28 U.S.C. § 1446(a), Defendant Arch Insurance Company provides the following statement of the grounds for removal.

**I.     BACKGROUND**

1. On March 8, 2024, Plaintiff Terrasmart, Inc. f/k/a RBI Solar, Inc. ("Terrasmart" or "Plaintiff") filed a Complaint in the Court of Common Pleas of Hamilton County, Ohio, Case No. A 2401119, against Defendant Arch Insurance Company ("Arch" or "Defendant"). The Complaint asserts against Arch two claims: (1) declaratory judgment (Count I), and (2) breach of contract (Count II), both pertaining to coverage obligations under an insurance contract. A copy of the Complaint is attached as Ex. A. Arch has not moved or pleaded in response to the Complaint, such that the Complaint is the only pleading filed and/or served upon the

parties to date.

2. Further, pursuant to 28 U.S.C. § 1446(a), Arch has also attached as Ex. B true and accurate copies of all process, pleadings, orders served upon it, and other documents filed in the state court action.

## II.    <u>VENUE AND JURISDICTION</u>

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the Court of Common Pleas of Hamilton County, Ohio, where the Complaint was filed, is a state court located in the United States Southern District of Ohio, Western Division.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Terrasmart and Arch; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied. 28 USC §§ 1332, 1441, and 1446.

## III.    <u>THERE IS COMPLETE DIVERSITY OF CITENZENSHIP BETWEEN PLAINTIFF AND DEFENDANT.</u>

5. For purposes of diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … [c]itizens of different States." 28 U.S.C. § 1332(a). A corporation is a citizen both of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1).

6. Plaintiff Terrasmart alleges that it is an Ohio corporation with its principal place of business in Cincinnati, Ohio. (Ex. 1, ¶ 5). Defendant Arch is a Missouri corporation with its principal place of business in Jersey City, New Jersey. (Ex. 1, ¶ 6). Therefore, complete

diversity exists between the parties, because neither parties' states of incorporation nor principle places of business are in the same state.

### IV. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

7. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegations should be accepted when not contested by Plaintiff or questioned by the court." *Id*. at 553. In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages. *Hayes v. Equitable Energy Res. Co*., 266 F.3d 560, 572-73 (6th Cir. 2001). This is not intended to be a "daunting burden." *Id.* (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).

8. Plaintiff Terrasmart's Complaint asserts claims, including breach of contract, against Defendant Arch seeking reimbursement of a minimum of $500,000 in defense costs. (Ex.1, ¶¶ 11, 32, and 36).

9. Plaintiff Terrasmart's Complaint also asserts claims, including declaratory relief against Defendant Arch seeking a declaration that Terrasmart is not obligated to satisfy $10.5 million of deductibles. Accordingly, it is clear that the amount of controversy in this matter exceeds $75,000 exclusive of interests and costs.

### V. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

10. Service of the state court Complaint was made upon Arch on March 15, 2024, (*see* Ex. B), though Arch's outside counsel received notice of Terrasmart's Summons and Complaint on March 12, 2024.

11. Arch is the only named defendant in this case so no additional consent is needed. *see* 42 U.S.C. § 1446(b)(2)(A).

12. The 30-day deadline to file a Notice of Removal is April 15, 2024, as measured from the date of service. 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1). This Notice, along with the required copy of all process, pleadings, and orders served upon the defendants, has been filed on or by April 15, 2024, and is therefore timely.

13. A Notice of Filing of Notice of Removal with a copy of this Notice will be filed with the Hamilton County, Ohio Clerk of Courts concurrently herewith or promptly after this filing. 42 U.S.C. § 1446(d).

## VI. CONCLUSION

WHEREFORE, Defendant Arch Insurance Company hereby removes this action from the Court of Common Pleas of Hamilton County, Ohio to the United States District Court for the Southern District of Ohio, Western Division. By filing this Notice of Removal, Defendant does not waive any defense that may be available to it and reserves all such defenses. If any question arises as to the propriety of the removal to this Court, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

Respectfully submitted,

*/s/ J. Brady Hagan*
J. Brady Hagan (0102834)
**GORDON REES SCULLY MANSUKHANI, LLP**
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
bhagan@grsm.com

4

William D. Deveau  (pro hac vice admission forthcoming)
**CONNELL FOLEY LLP**
Harborside 5
185 Hudson St., Ste. 2510
Jersey City, New Jersey 07311
T: (201) 521-1000
F: (201) 521-0100
WDeveau@connellfoley.com
*Counsel for Defendant Arch Insurance Co.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District Court in the Southern District of Ohio on April 10, 2024 and served upon all counsel who have appeared in this matter and registered with ECF via the Court's electronic filing system. A copy has also been served via electronic mail upon the following:

William G. Geisen        (0083049)
Robin D. Miller          (0074375)
Cassandra L. Welch       (0095828)
**STITES & HARBISON PLLC**
100 E. Rivercenter Blvd., Ste. 450
Covington, KY 41011
(859) 652-7601
wgeisen@stites.com
rmiller@stites.com
cwelch@stites.com
*Counsel for Plaintiff Terrasmart, Inc. f/k/a RBI Solar, Inc.*

/s/ J. Brady Hagan
J. BRADY HAGAN (0102834)