# Exhibit A



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
March 8, 2024 10:57 AM
      PAVAN PARIKH
    Clerk of Courts
  Hamilton County, Ohio
 CONFIRMATION 1441483
```

**TERRASMART INC FKA RBI SOLAR INC**
**vs.**
**ARCH INSURANCE COMPANY**

**A 2401119**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND**

## PAGES FILED: 584

EFR200

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| **TERRASMART, INC. f/k/a RBI SOLAR, INC.** | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) ) | Judge_____ |
| **ARCH INSURANCE COMPANY** | ) ) ) | **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| *Serve via Certified Mail:* **CSC-Lawyers Incorporating Service Company 221 Bolivar St. Jefferson City, MO 65101** | ) ) ) ) ) ) ) | **(Eligible for assignment to the commercial docket pursuant to Sup.R. 49.05(E)(12))** |
| Defendant. | ) | |

_____

Plaintiff Terrasmart, Inc. f/k/a RBI Solar, Inc. ("Terrasmart"), through undersigned counsel, and for its Complaint against Defendant Arch Insurance Company ("Arch") alleges as follows:

**NATURE OF ACTION**

1. This is civil action for breach of contract and declaratory relief arising out of Arch's wrongful failure to immediately defend Terrasmart in a civil action captioned *Cypress Creek EPC, LLC, et al. v. Terrasmart, Inc. f/k/a RBI Solar Inc.*, Case No. 23STCV25381 that is pending in the Superior Court of the State of California, County of Los Angeles, Central District (the "Cypress Creek Lawsuit").

2. Arch issued comprehensive general liability insurance policies providing coverage to Terrasmart and/or its predecessor for successive annual periods starting on April 1, 2017. The Cypress Creek Lawsuit alleges a single covered "occurrence" and seeks damages because of "property damage" as those terms are defined in the Arch policies. Further, Terrasmart has incurred defense costs that exceed the single deductible that is applicable to the Arch policies. Arch thus has an immediate duty to defend Terrasmart in full in the Cypress Creek Lawsuit.

3. Although Arch has agreed that its duty to defend is triggered and "offer[ed] to participate in the defense of Terrsamart" in the Cypress Creek Lawsuit, Arch has wrongfully asserted that the allegations in the Cypress Creek Lawsuit constitute twenty-one separate "occurrences," each subject to a separate policy deductible. Arch has refused to immediately accept its full defense obligation to Terrasmart on the grounds that the twenty-one separate deductibles have not been met.

4. By this action, Terrasmart seeks: (1) a declaration that Arch is obligated to immediately defend Terrasmart in full in connection with the Cypress Creek Lawsuit; (2) a declaration that the Cypress Creek Lawsuit alleges a single covered "occurrence" (as that term is defined in the Arch policies); and (3) breach of contract damages against Arch for defense costs already incurred by Terrasmart in connection with the Cypress Creek Lawsuit.

## THE PARTIES

5. Plaintiff Terrasmart is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

6. Defendant Arch is a Missouri Corporation with its principal places of business in Jersey City, New Jersey, and Kansas City, Missouri.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Arch pursuant to R.C. 2307.382(2) and (9).

8. Venue is proper in this Court pursuant to Civ.R. 3(C)(6) and (7).

9. This case is eligible for the Commercial Docket because the case involves an insurance coverage dispute between two business entities regarding their commercial insurance contracts. *See* Sup.R. 49.05(E)(12).

## THE ARCH POLICIES

10. Arch issued a series of successive annual commercial general liability policies providing insurance coverage to Rough Brothers, Inc., as the first named insured starting on April 1, 2017, through April 1, 2020 (collectively, the "Arch Policies"), as follows:

    a. Policy No. 11GPP0510103 issued to Rough Brothers Inc., for the period April 1, 2017, to April 1, 2018;

    b. Policy No. 11GPP0510104 issued to Rough Brothers Inc., for the period April 1, 2018, to April 1, 2019; and

    c. Policy No. 11GPP0510105 issued to Rough Brothers Inc., for the period April 1, 2019, to April 1, 2020.

True and correct copies of the Arch Policies are attached hereto as Exhibits A, B, and C.

11. Each of the Arch Policies has a $1.5 million per occurrence limit and a $2 million aggregate limit, subject to a $500,000 per occurrence deductible, which deductible is exhausted by defense costs incurred by Terrasmart.

12. Terrasmart's predecessor, RBI Solar, Inc., is a "named insured" on each of the Arch Policies. Rough Brothers, Inc.; RBI Solar, Inc.; and Terrasmart all maintain (or maintained) their

principal place of business in Ohio and conduct (or conducted) the majority of their operations in Ohio. As such, the place of performance under the Arch Policies is Ohio.

13. The insuring agreements of the Arch Policies provide, in relevant part, that Arch "will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies" and that Arch has "the right and duty to defend the insured against any suit seeking those damages." The insuring agreements of the Arch Policies further provide that the insurance applies to "property damage" that takes place during the policy period and that is caused by an "occurrence."

14. The Arch Policies define the term "property damage" to mean:

   a. "Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it."

15. The Arch Policies define the term "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

## THE CYPRESS CREEK LAWSUIT

16. Terrasmart is a leading provider of, among other things, solar panel racking systems, including "tracking" racking systems, which maximize energy production by using motors, gearboxes, controllers, and other equipment that allow the modules to rotate on an axis to track the path of the sun across the sky.

17. Cypress Creek EPC ("Cypress Creek"), the plaintiff in the Cypress Creek Lawsuit, owns and operates solar power plants that are composed of: (i) racking systems that support solar modules; (ii) solar panel modules; and (iii) inverters, combiner boxes, transformers, wiring, and other balance of system equipment (collectively, the "Solar Projects").

-4-

18. In 2017 and 2018, Terrsamart sold to Cypress Creek tracking racking systems (the "Tracking Systems") for twenty-one Solar Projects. The solar panel modules, inverters, wiring and other balance of system equipment for the Solar Projects were supplied and sold by companies other than Terrasmart.

19. The Tracking Systems were purchased under virtually identical purchase orders. The parties to each of the purchase orders are Cypress Creek and RBI Solar, Inc. (Terrasmart's predecessor). The Tracking Systems were primarily manufactured in Ohio and delivered to Cypress Creek in 2017 and 2018. The Tracking Systems were installed by Cypress Creek.

20. Cypress Creek filed the Cypress Creek Lawsuit against Terrasmart on October 18, 2023. A true and correct copy of the complaint in the Cypress Creek Lawsuit is attached hereto as Exhibit D.

21. The Cypress Creek Lawsuit alleges that the Tracking Systems "routinely helix, where the racks twist on their axis . . . ." According to Cypress Creek, the helixing causes "serious damages" to the solar panel modules, causes the modules to crack and to fall off the racks and causes damage to other associated equipment, including the wiring and connections. Both the solar panel modules and the wiring are components of the Solar Projects that were not supplied by Terrasmart.

22. Cypress Creek asserts that it has "incurred significant damages," will be required to replace more than 35,000 solar panel modules, and that the helixing impairs the functioning and production of the Solar Projects. Cypress Creek also alleges that it has suffered losses attributable to stowing certain tracking systems "including diminished use of the modules."

23. According to the Cypress Creek Lawsuit, the helixing of the Tracking Systems and subsequent damage to other components within the Solar Projects were allegedly caused by

-5-

Terrasmart's purported failure to properly manufacture the Tracking Systems and the various components of the Tracking Systems, including the couplers, gearboxes, motors, tracker control units, jaw hubs, and bearings.

24. The Cypress Creek Lawsuit contains causes of action for: (1) Breach of Express Warranty; (2) Breach of Contract – Obligation to Repair / Replace; (3) Deceit – Negligent Misrepresentation; (4) Negligent Design of a Product; and (5) Negligent Manufacture of a Product.

25. Terrasmart denies the allegations against it in the Cypress Creek Lawsuit.

### ARCH'S WRONGFUL FAILURE TO IMMEDIATELY DEFEND

26. Terrasmart provided timely notice of the Cypress Creek Lawsuit to Arch.

27. The Cypress Creek Lawsuit alleges covered "property damage" that occurred during the policy periods of the Arch Policies caused by a single "occurrence."

28. Because the Cypress Creek Lawsuit alleges property damage caused by a single "occurrence," Terrasmart is only required to satisfy a single $500,000 deductible in connection with the Cypress Creek Lawsuit.

29. On January 31, 2024, Arch sent a letter to Terrasmart containing an "offer to participate in [Terrasmart's] defense subject to a reservation of rights" pursuant to which "Arch agrees to participate in the defense of Terrasmart in the [Cypress Creek Litigation] subject to a reservation of rights under Arch Policy Nos. 11GPP0510103 (4/1/17-4/1/18) and 11GPP051010f (4/1/18-4/1/19)."

30. By agreeing to participate in the defense of Terrasmart in the Cypress Creek Lawsuit, Arch agrees that the allegations in the Cypress Creek Lawsuit potentially or arguably fall within the coverage of the Arch Policies.

31. Arch nevertheless has wrongfully claimed that "there are at least twenty-one (21)

-6-

occurrences at issue." According to Arch, Terrasmart must satisfy a separate $500,000 deductible for each of those twenty-one "occurrences." In other words, Arch contends that Terrasmart must incur defense or indemnity in excess of $10.5 million to satisfy the applicable deductibles.

32. Terrasmart has incurred in excess of $500,000 in defending against the claim made by Cypress Creek. Arch's actions have caused Terrasmart to incur defense costs that exceed the single $500,000 deductible that should apply to Cypress Creek's claim.

33. Terrasmart continues to incur defense costs in defending against the Cypress Creek Lawsuit.

34. Terrasmart has satisfied its obligations under the Arch Policies, including but not limited to the payment of premiums, timely notice, and payment of any required retention, except insofar as performance by Terrasmart has been excused and/or waived by Arch or is otherwise subject to avoidance by operation of law.

## COUNT I
## (DECLARATORY JUDGMENT)

35. Terrasmart incorporates by reference and realleges paragraphs 1 through 34 of this Complaint as if set forth fully herein.

36. Terrasmart has satisfied the single $500,000 deductible that applies to the claim made by Cypress Creek.

37. Arch has an immediate duty to defend Terrasmart with respect to the Cypress Creek Lawsuit.

38. Although Arch has recognized its duty to defend Terrasmart, Arch has disputed that it has a current and immediate obligation to defend because, according to Arch, Terrasmart must satisfy twenty-one $500,000 deductibles.

39. To date, Arch has refused to advance, reimburse, or pay any defense costs incurred

-7-

by Terrasmart, in connection with the Cypress Creek Lawsuit.

40. An actual, present and justiciable controversy therefore has arisen and exists between Terrasmart and Arch regarding their respective rights and duties under the Arch Policies, and, as such, Terrasmart is entitled to a declaration of its rights under the Arch Policies pursuant to R.C. 2721.03.

WHEREFORE, Terrasmart respectfully prays that this Court:

A. Declare that Arch has an immediate duty to defend Terrasmart in connection with the Cypress Creek Lawsuit;

B. Declare that the Cypress Creek Lawsuit alleges a single covered "occurrence," subject to a single $500,000 deductible;

C. Award Terrasmart its attorneys' fees and costs incurred in this action in an amount to be proven at trial;

D. Award Terrasmart prejudgment and post-judgment interest on its damages in the full amount permitted by law; and

E. Award Terrasmart such other relief as this Court deems just and proper.

## COUNT II
## (BREACH OF CONTRACT)

41. Terrasmart incorporates by reference and realleges paragraphs 1 through 40 of this Complaint as if set forth fully herein.

42. Pursuant to the Arch Policies, Arch is required to defend Terrasmart in connection with the Cypress Creek Lawsuit after the single $500,000 deductible is satisfied.

43. The $500,000 deductible has been exhausted as required, however, Arch has failed and refused to: (a) immediately defend Terrasmart in the Cypress Creek Lawsuit; or (b) reimburse Terrasmart for defense costs incurred in connection with the Cypress Creek Lawsuit.

-8-

44. Arch has breached its contractual obligations to Terrasmart by virtue of its failure defend Terrasmart or to pay or reimburse Terrasmart for such defense costs.

45. As a direct and proximate cause of Arch's breaches, Terrasmart has been denied the benefits of the insurance coverage provided by the Arch Policies.

WHEREFORE, Terrasmart respectfully prays that this Court:

A. Award Terrasmart its damages in an amount to be proven at trial;

B. Award Terrasmart its attorneys' fees and costs incurred in this action in an amount to be proven at trial;

C. Award Terrasmart prejudgment and post-judgment interest on its damages in the full amount permitted by law; and

D. Award Terrasmart such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ William G. Geisen*_____
William G. Geisen (0083049)
Robin D. Miller (0074375)
Cassandra L. Welch (0095828)
100 E. RiverCenter Blvd., Ste. 450
Covington, KY 41011
Telephone: (859) 652-7601
Email: wgeisen@stites.com
       rmiller@stites.com
       cwelch@stites.com

*Attorneys for Plaintiff Terrasmart, Inc. f/k/a RBI Solar, Inc.*

-10-

## JURY DEMAND

Plaintiff Terrasmart, Inc. f/k/a RBI Solar, Inc., hereby demands a trial by jury on all issues so triable alleged herein.

                                            */s/ William G. Geisen*
                                            Counsel for Plaintiff