**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TERRASMART, INC. f/k/a RBI
SOLAR, INC.,

  *Plaintiff,*

v.

ARCH INSURANCE COMPANY,

  *Defendant.*

:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:24-cv-198

Judge Jeffery P. Hopkins

---

**ORDER**

---

This case is before the Court on Defendant Arch Insurance Company's ("Arch" or "Defendant") Unopposed Motion for Leave to File Documents under Seal and to Seal Previously Filed Documents (Doc. 15) (the "Seal Motion"). Arch asks the Court to seal certain documents that concern or contain Arch's underwriting material because those documents set forth confidential business information related to Arch's underwriting business. Doc. 15, PageID 2551. For the reasons stated below, Arch's Seal Motion (Doc. 15) is **GRANTED**.

## I.  STANDARD OF REVIEW

A party seeking to seal court records bears the heavy burden of overcoming the "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record…[including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v.*

1

*Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (citing *Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

In order to meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). The moving party must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)). Likewise, when a district court elects to seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176.

## II.    ANALYSIS

A number of exhibits and other related documents have been publicly filed in this case. Now, Arch asks for leave to file certain documents under seal, including an affidavit and declaration of Arch's Senior Vice President Lisa Lang, exhibits to Lang's affidavit and declaration, Lang's deposition, four exhibits to Lang's deposition, and two other exhibits. Doc. 15, PageID 2551–53. These materials "contain information about what risks Arch is willing to insure and what premium Arch charges for any individual risk." *Id.* at PageID 2551. This is underwriting material that qualifies as confidential business information, and Arch reasonably asks to seal this information to avoid disclosure to competitors.

Courts in this District routinely find that there is a compelling interest in sealing documents that contain sensitive business information. *See Exec. Jet Mgmt. Inc. v. Longbow*

*Enters. LLC*, No. 1:21-cv-74, 2021 WL 4952705, at *2 (S.D. Ohio, Apr. 1, 2021); *Veritas Indep. Partners, LLC v. Ohio Nat'l Life Ins. Co.*, No. 1:18-cv-769, 2024 WL 986280, at *13–14 (S.D. Ohio Mar. 7, 2024). Thus, because Arch seeks to protect sensitive business information and prevent disclosure of its overall strategy and instructions for underwriting risks to competitors, the Court finds that Arch has presented a compelling reason to seal the documents at issue. *Total Quality Logistics v. Riffe*, No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017)) ("This Court has repeatedly 'recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.'").

Given that Arch seeks to seal specific documents that contain confidential information related to its underwriting business, the Court finds the request to seal is no greater than necessary. Further, there is no reason to believe that the confidential business information contained therein will be necessary for the public to understand or appreciate the substance of any forthcoming decisions in this matter. *See, e.g., London Comput. Sys. Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) ("[T]he public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made in that motion."). That said, however, not all of the information contained in Lang's affidavit, declaration, or deposition amounts to confidential business information. For example, some of the information contained therein pertains to Lang's position at Arch and her past experience. To the extent that these documents do not contain confidential business information, Arch is **ORDERED** to

separately file redacted versions of these documents that make public any non-confidential information.

### III.  CONCLUSION

Accordingly, for the reasons stated, Arch's Seal Motion (Doc. 15) is **GRANTED**. Arch is **ORDERED** to file the documents listed in the Seal Motion, *see* Doc. 15, PageID 2552–53, under seal within 7 days of the date of this Order.

Further, in accordance with this Order, the Clerk is **ORDERED** to seal the following documents: Lang Aff., Doc. 14-14, Lang Ex. A, Doc. 14-15, Lang Ex. B, Doc. 14-16, Lang Ex. C, Doc. 14-17, Lang Ex. D, Doc. 14-18, Lang Ex. E, Doc. 14-19, Lang Ex. F, Doc. 14-20, Lang Ex. G, Doc. 14-21, Lang Ex. H, Doc. 14-22, Lang Ex. I, Doc. 14-23, Lang Ex. J, Doc. 14-24, Lang Ex. K, Doc. 14-25, Lang Ex. L, Doc. 14-26, Lang Ex. M, Doc. 14-27. The parties shall advise the Court if any documents subject to this Order are not properly sealed.

**IT IS SO ORDERED.**

March 30, 2026

Jeffery P. Hopkins
United States District Judge